1  STERN & GOLDBERG
ALAN N. GOLDBERG (SBN 112836)
2    agoldberg@sgattys.com
PETER TRAN (SBN 280016)
3    ptran@sgattys.com
6345 Balboa Boulevard, Suite 200
4  Encino, California 91316
Telephone:  (818) 758-3940
5  Facsimile:   (818) 758-3950

6  Attorneys for Plaintiff
Vision Service Plan, a California
7  corporation

8  BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
9    brad@benbrooklawgroup.com
STEPHEN M. DUVERNAY (SBN 250957)
10    steve@benbrooklawgroup.com
400 Capitol Mall, Suite 1610
11  Sacramento, California 95814
Telephone:  (916) 447-4800
12  Facsimile:   (916) 447-4904

13  Attorneys for Defendants
Nouveau Vision, Inc., a Washington
14  corporation, and Timothy J. Sutich, an
individual

15

16  **UNITED STATES DISTRICT COURT**

17  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

18

19  VISION SERVICE PLAN, a California      CASE NO.: 2:16-CV-01049-TLN-KJN
not-for-profit corporation,

20          Plaintiff,                     **STIPULATED PROTECTIVE
ORDER**
21  v.

22  NOUVEAU VISION, INC., a
Washington corporation, TIMOTHY J.
23  SUTICH, an individual and DOES 1
through 50, inclusive,
24

25          Defendants.

26

27          Subject to the approval of this Court, the parties stipulate to the following

28  protective order:

1
STIPULATED PROTECTIVE ORDER

1    IT IS HEREBY STIPULATED AND AGREED, by and between the parties

2  to this action, Plaintiff Vision Service Plan ("VSP") and Defendants Nouveau

3  Vision, Inc. and Timothy J. Sutich (collectively referred to as "Nouveau"), through

4  their respective counsel of record, that certain documents, materials or information

5  produced by the parties in discovery (as described in paragraphs 1 through 4 and 6

6  hereinbelow) shall be subject to the following Stipulated Protective Order (the

7  "Order" herein) with respect to confidentiality and privacy, subject to the approval

8  of the court in the above-entitled action (the "Action" herein).

9    1.    The discovery in this action, including the disclosures required by

10  **Federal Rules of Civil Procedure, Rule 26**, may require the production of

11  documents containing highly private and sensitive information of parties as well as

12  third parties, consisting of private health information of patients.  Consequently, in

13  the interest of ensuring that such information is maintained in a confidential

14  manner consistent with all applicable state and federal laws related to maintaining

15  the privacy of private health information, including but not limited to Health

16  Insurance Portability and Accountability Act ("HIPAA" herein), the parties wish

17  to enter into this protective order.

18    2.    In connection with discovery proceedings in this Action, the parties

19  may designate any document, thing, material, testimony or other information

20  derived therefrom, as "Confidential" under the terms of this Order.  However, the

21  focus of this Order is to protect the patient information referenced in paragraph 1

22  above.  Confidential information is information which has not been made public

23  and which concerns or relates to the rights of privacy of patients, including but not

24  limited to HIPAA, as well as financial or other private information of the parties,

25  the disclosure of which information may have the effect of causing harm to the

26  competitive position of the person, firm, partnership, corporation, or to the

27  organization from which the information was obtained.   By designating a

28  document, thing, material, testimony or other information derived therefrom as

"Confidential," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER". Stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4.      Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this Action, and for no other purpose.

6.      Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)      a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action, including legal assistants, secretaries, law clerks and associates and in-house counsel for the parties, and then support staffs;

1        (b)      experts or consultants (together with their clerical staff)

2 retained by such counsel to assist in the prosecution, defense, or settlement of this

3 Action;

4        (c)      court reporter(s) employed in this Action;

5        (d)      a witness at any deposition or other proceeding in this Action;

6 and

7        (e)      any other person as to whom the parties in writing agree.

8        Prior to receiving any Confidential Material, each "qualified person" shall

9 be provided with a copy of this Order and shall execute a non-disclosure

10 agreement in the form of Attachment A, a copy of which shall be provided

11 forthwith to counsel for each other party and for the parties

12        7.      Depositions shall be taken only in the presence of qualified persons.

13 With respect  to depositions of any party or any person employed by or acting on

14 behalf of a party to this Action, or of any ex-employees or agents of a party to this

15 Action, any party shall, either at the time of taking the deposition or within ten

16 (10) business days after receipt of the deposition transcript, inform the other

17 parties to the Action of the portions of the transcript and testimony to be

18 designated "CONFIDENTIAL or CONFIDENTIAL SUBJECT TO

19 PROTECTIVE ORDER", and the right to make such designation shall be waived

20 unless made during the prescribed period.

21        8.      Nothing herein shall impose any restrictions on the use or disclosure

22 by a party of material obtained by such party independent of discovery in this

23 Action, whether or not such material is also obtained through discovery in this

24 Action, or from disclosing its own Confidential Material as it deems appropriate.

25 In addition, this Order shall not apply to any alleged confidential, proprietary

26 and/or trade secret subject matter which:

27        (a)      was not or is not maintained in confidence by the claimant of

28 the confidential, proprietary and/or trade secret status; or

STIPULATED PROTECTIVE ORDER

(b)     appears in a printed publication or is of public record; or

(c)     was rightfully in the possession of the recipient prior to disclosure of it through discovery under this Protective Order; or

(d)     subsequent to disclosure rightfully comes into the possession of the recipient from a third party who is under no obligation or duty to refrain from disclosure.

9.     If Confidential Material, including any portion of a deposition transcript designated as Confidential is included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order" and filed under seal until further order of this Court.

10.     <u>Challenging Confidentiality Designations</u>.

a.     Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.     Meet and Confer.  The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must

1  give the designating party an opportunity to review the designated material, to

2  reconsider the circumstances, and, if no change in designation is offered, to explain

3  the basis for the chosen designation. A challenging party may proceed to the next

4  stage of the challenge process only if it has engaged in this meet and confer

5  process first or establishes that the designating party is unwilling to participate in

6  the meet and confer process in a timely manner.

7          c.      Judicial Intervention.  If the Parties cannot resolve a challenge

8  without court intervention, the designating party shall file and serve a motion to

9  retain confidentiality within 21 days of the initial notice of challenge or within 14

10 days of the parties agreeing that the meet and confer process will not resolve their

11 dispute, whichever is earlier. Each such motion must be accompanied by a

12 competent declaration affirming that the movant has complied with the meet and

13 confer requirements imposed in the preceding paragraph. Failure by the

14 designating party to make such a motion including the required declaration within

15 21 days (or 14 days, if applicable) shall automatically waive the confidentiality

16 designation for each challenged designation. In addition, the challenging party may

17 file a motion challenging a confidentiality designation at any time if there is good

18 cause for doing so, including a challenge to the designation of a deposition

19 transcript or any portions thereof. Any motion brought pursuant to this provision

20 must be accompanied by a competent declaration affirming that the movant has

21 complied with the meet and confer requirements imposed by the preceding

22 paragraph.

23      The burden of persuasion in any such challenge proceeding shall be on the

24 designating party. Frivolous challenges, and those made for an improper purpose

25 (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may

26 expose the challenging party to sanctions. Unless the designating party has waived

27 the confidentiality designation by failing to file a motion to retain confidentiality as

28 described above, all parties shall continue to afford the material in question the

level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

11.     In the event that any Confidential Material is used in any court proceeding in this Action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12.     This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this Action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14.     Any of the Confidential Material may be removed from the scope of this Order by an agreement of the parties or by Court order.  Entry of this Order shall be without prejudice to any application for relief from any restriction hereof or for any or further restriction on the protection, exchange or use of any document given or exchanged in the course of discovery in this case.  However, the provisions of this Order shall govern the confidentiality of the Confidential Material properly designated pursuant to the terms herein unless and until some

1   additional or contrary order is made by the Court.

2       15.     Persons to whom access to the Information is given pursuant to this

3   Order shall keep such material and any copies, extracts, summaries, notes or

4   descriptions thereof secure in accordance with the purposes and intent of this

5   Order and shall adopt and employ all suitable precautions to ensure continued

6   confidentiality, non-use and non-disclosure.

7       16.     This Order shall survive the final termination of this Action, to the

8   extent that the information contained in Confidential Material is not or does not

9   become known to the public, and the Court shall retain jurisdiction to resolve any

10  dispute concerning the use of information disclosed hereunder.  Upon termination

11  of this case, counsel for the parties shall assemble and return to each other all

12  documents, material and deposition transcripts designated as confidential and all

13  copies of same, or shall certify the destruction thereof.

14      17.     This Order shall be binding on any and all parties to this litigation

15  who sign below, or whose counsel signs below on its behalf.  If a party or an

16  individual does not execute this Order, it is agreed that no signatory to this Order

17  will provide or disseminate any Confidential Material to that party or individual.

18      **IT IS SO STIPULATED**:

19                                  Respectfully submitted,

20  Dated:  August 16, 2016        STERN & GOLDBERG

21

22                          By:    s/Alan N. Goldberg
                                   ALAN N. GOLDBERG
23                                 PETER TRAN
                                   Attorneys for Plaintiff
24                                 Vision Service Plan, a California not-for-
                                   profit corporation
25

26

27

28

8

Dated:  August 16, 2016                BENBROOK LAW GROUP, PC


By:   s/Stephen M. Duvernay
BRADLEY A. BENBROOK
STEPHEN M. DUVERNAY
Attorneys for Defendants
Nouveau Vision, Inc., a Washington
corporation, and Timothy J. Sutich, an
individual


## **ORDER**


**APPROVED AND SO ORDERED, except that:**

1. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  The parties must comply with Local Rule 141 with respect to requests to seal documents, and any contrary provision (including, but not limited to, paragraph 9) is disapproved.

2. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

3. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251, unless the parties request an informal telephonic discovery conference consistent with the undersigned's standing order regarding such conferences appearing on the court's website.  Such motions must also be filed so as to be heard prior to the applicable discovery completion deadline.

4.  The parties may not modify the terms of this protective order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

5.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this protective order after the action is terminated.

Dated:  August 19, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1

**ATTACHMENT A**

2

**<u>NON-DISCLOSURE AGREEMENT</u>**

3        I, _____ do solemnly swear that I am fully familiar

4    with the terms of the Stipulated Protective Order entered in <u>Vision Service Plan v.</u>

5    <u>Nouveau Vision, Inc., etc. et al.</u>, United States District Court for the Eastern District of

6    California, Civil Action No. 2:16-CV 01049-TLN-KJN, and hereby agree to comply

7    with and be bound by the terms and conditions of said Order unless and until modified

8    by further Order of this Court. I hereby consent to the jurisdiction of said Court for

9    purposes of enforcing this Order.

10

11    DATED:  _____, 2016        _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28